**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LEGO SYSTEMS, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 2:17-cv-00086 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT LEGO SYSTEMS, INC.'S
<u>MOTION TO DISMISS PURSUANT TO F.R.C.P 12(b)(6)</u>**

## TABLE OF CONTENTS

**Page**

BACKGROUND ........................................................................................................................... 1

LEGAL STANDARD................................................................................................................... 3

ARGUMENT................................................................................................................................. 4

    I.    Symbology's Direct Infringement Allegations Are Speculative And Should Be Dismissed............................................................................................................................ 5

        A.    Symbology's Complaint Fails to Allege Sufficient Facts to Establish Its Direct Infringement Claims ............................................................................................. 5

        B.    Symbology's Cursory Claim Chart Fails to Identify With Sufficient Particularity How Each Allegedly Infringing Feature of the Accused Product Infringes the Asserted Claims And Does Not Save Its Complaint.......................................... 6

            1) The Asserted Claims require that the portable electronic device detect symbology associated with an object by an individual in the United States............... 7

            2) The Asserted Claims require the portable electronic device to: (1) decode the symbology to obtain a decode string; (2) send the decode string to one or more visual detection applications; (3) receive a first amount of information about the object from the visual detection application ............................................................... 9

            3) The Asserted Claims require the portable electronic device to: (1) send the decode string to a remote server for processing; (2) receive a second amount of information about the object from a server; (3) display the combined information . 11

    II.    Symbology's Indirect Infringement Allegations Lack Any Factual Basis and Should Be Dismissed ..................................................................................................................... 13

CONCLUSION............................................................................................................................ 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adiscov, LLC v. Autonomy Corp.*,
    762 F. Supp. 2d 826 (E.D. Va. 2011) ................................................................................4, 6

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
    377 U.S. 476 (1964) ..................................................................................................................2

*Asghari-Kamrani v. United Servs. Auto. Ass'n*,
    2016 U.S. Dist. LEXIS 48012 (E.D. Va. Mar. 22, 2016) ......................................................4, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................3, 4, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................3, 4, 5, 6

*Boy Blue, Inc. v. Zomba Recording*, *LLC*,
    2009 U.S. Dist. LEXIS 84988 (E.D. Va. Sept. 16, 2009) ...................................................11, 15

*Commil USA, LLC v. Cisco Sys.*,
    135 S. Ct. 1920 (2015) ..............................................................................................................2

*Cronos Techs., LLC v. Camping World Inc.*,
    2013 U.S. Dist. LEXIS 106336 (W.D. Ky. July 29, 2013) ......................................................14

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) .............................................................................................2, 14

*Edwards v. City of Goldsboro*,
    178 F.3d 231 (4th Cir. 1999) .....................................................................................................4

*Global–Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011) ...............................................................................................................2, 14

*Intel Corp. v. Future Link Sys., LLC*,
    2015 U.S. Dist. LEXIS 17176 (D. Del. Feb. 12, 2015) ...........................................................11

*Macronix Int'l Co. v. Spansion Inc.*,
    4 F. Supp. 3d 797, 804 (E.D. Va. 2014) ...................................................................................6

*Nielsen Co. (US), LLC v. comScore, Inc.*,
    819 F. Supp. 2d 589 (E.D. Va. 2011) ......................................................................................13

*Occupy Columbia v. Haley*,
   738 F.3d 107 (4th Cir. 2013) ...................................................................................................3

*Orbcomm Inc. v. Calamp Corp.*,
   2016 U.S. Dist. LEXIS 96264 (E.D. Va. July 22, 2016) ..........................................................6

*PB & J Software, LLC v. Acronis, Inc.*,
   897 F. Supp. 2d 815 (E.D. Mo. 2012) ....................................................................................13

*Rotec Indus. v. Mitsubishi Corp.*,
   215 F.3d 1246 (Fed. Cir. 2000) ................................................................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ..............................................................................................14

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................................8

35 U.S.C. § 271(b) .....................................................................................................................2, 14

35 U.S.C. § 271(c) ............................................................................................................................2

**Rules**

Fed. R. Civ. P. 8(a) .......................................................................................................................3, 4

Fed .R. Civ. P. 12(b)(6) ...................................................................................................................1

Fed. R. Civ. P. 84 .............................................................................................................................3

LEGO Systems, Inc. respectfully submits this memorandum of law in support of its Motion to Dismiss for Failure to State a Claim, pursuant to Fed .R. Civ. P. 12(b)(6).

## BACKGROUND

On January 3, 2017, Symbology Innovations, LLC ("Symbology") filed a complaint of patent infringement against LEGO Systems, Inc. ("LSI"), a wholly-owned U.S. subsidiary of LEGO System A/S, a Danish company ("LSAS").  Dkt. No. 1. By way of its complaint, Symbology alleges that LSI infringes claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 14, 15, 17, and 18 of U.S. Patent No. 7,992,773 ("'773 Patent"), claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 of U.S. Patent No. 8,424,752 ("'752 Patent"), claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 15, 17, 18, 23, 24, and 25 of U.S. Patent No. 8,936,369 ("'369 Patent"), claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 15, 17, 18, and 20 of U.S. Patent No. 8,936,190 ("'190 Patent") (collectively the "Asserted Claims" of the "Asserted Patents"), each directed to a method and application of detecting and capturing an "image of symbology (e.g. barcodes)" using a camera on a "portable electronic device." (Declaration of Elizabeth Alquist ("Alquist Decl."), Exhibit 1, '773 Patent, at 2:48-54.)[1]  In short, the putative invention claimed by the Asserted Patents is related to detecting and processing symbology, not placing symbology on advertisements or packaging.

As an initial matter, Symbology's direct infringement allegations are made against unidentified products.  This alone warrants dismissal. The complaint fails to point out any specific product, instead referring to what allegedly infringes as "selected products (*e.g.* Lego Products)," a term that is not defined and is presumably inclusive of all LSAS products. Dkt. No. 1 at 32. Moreover, Symbology offers no proof that LSI has infringed or continues to infringe the Asserted Patents in the United States. Rather, it states that LSI has, on information and belief,

---

[1] The Asserted Patents share a common specification.

"internally tested the functionality of its QR codes in connection with the printed packaging and advertisements" of its "Lego Products." Dkt. No. 1 at ¶¶ 34-36. This is mere speculation. Symbology's cursory claim charts are equally speculative. Other than an illegible image of a QR code and various citations thereto in four cursory claim charts that include two other vague images, likely from Google image searches, the complaint fails to link any accused product with the actual elements of the Asserted Claims.

The indirect infringement allegations fare no better.[2] Symbology suggests that LSI "allows consumers to scan QR codes imprinted on the packaging of Defendant's products such as Defendant's Lego Products." Dkt. No. 1 at ¶ 38. Symbology's accusation, however, is pled incorrectly. In order for Symbology to prove LSI induced customers to infringe under section 271(b), it must plead knowledge of both the asserted patent and the infringing nature of the accused acts. *See Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011); *Commil USA, LLC v. Cisco Sys.*, 135 S. Ct. 1920, 1928 (2015) (noting it is "still necessary and proper to stress that district courts have the authority and responsibility to ensure frivolous cases are dissuaded). The plaintiff "must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006).

As an initial matter, Symbology has not even attempted to allege that LSI had any knowledge of the Asserted Patents. For this reason, alone, its pleading fails. Moreover

---

[2] There are two types of indirect infringement: induced infringement, under 35 U.S.C. § 271(b), and contributory infringement, under 35 U.S.C. § 271(c). Symbology does not clearly indicate which theory of indirect inducement is at issue in this case, but appears to allege induced infringement. (*See* Dkt. No. 1 at ¶ 40.) Either type requires knowledge of the patent in suit and knowledge of patent infringement. *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476 (1964).

Symbology has not alleged, nor could it, that LSI actively and knowingly induced another's direct infringement. Instead, it alleges only that the existence of QR codes "allow[s]" unidentified customers to scan QR codes. Indeed, it fails even to allege that there are direct infringers. In short, its indirect infringement allegations fail in all aspects.

Symbology's pleading is woefully insufficient under the Supreme Court's standards as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). LSI faces a lawsuit without full and clear notice of the accusations against it and the Court should dismiss these claims for failure to state a claim. If this complaint is allowed to stand, the result will be an unbounded and costly fishing expedition in search of some undefined products that do not plausibly infringe the Asserted Patents.

## LEGAL STANDARD

Fed. R. Civ. P. 8(a) requires that a pleading contain, at a minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has interpreted Rule 8 to require that every complaint include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. lqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *lqbal*, 556 U.S. at 678.

Similarly, the Fourth Circuit in deciding motions to dismiss on the basis of insufficient pleadings, tests "the sufficiency of a complaint." *Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). After the abrogation of Fed. R. Civ. P. 84 and Form 18 in December 2015, the stricter pleading standards set forth in *Iqbal* and *Twombly* have been held to establish minimum

pleading standards for a patent infringement complaint. *See*, *e.g.*, *Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 48012, at *8-9 (E.D. Va. Mar. 22, 2016).

There are therefore two basic requirements to comply with Rule 8(a): "factual allegations and plausibility of those allegations." *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 829 (E.D. Va. 2011). Thus, pleading all of the elements of a claim is necessary but not sufficient to survive Rule 8(a). *See Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."); *Adiscov*, 762 F. Supp. 2d at 829 ("What, at base, is insufficient is 'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (citation omitted)). A complaint for infringement must "provide sufficient detail about the defendant[] and [its] products such that the defendant[] would be on notice as to which products or services are the subject of the suit." *Adiscov*, 762 F. Supp. 2d at 832. When reviewing the complaint, the court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

## ARGUMENT

Put simply, Symbology's pleading of direct and indirect infringement is not plausible because it presents insufficient factual support about how, where, or when LSI allegedly practices the claims of the Asserted Patents.

**I.  Symbology's Direct Infringement Allegations Are Speculative And Should Be Dismissed**

**A. Symbology's Complaint Fails to Allege Sufficient Facts to Establish Its Direct Infringement Claims**

As explained at the outset, Symbology has asserted dozens of claims from four Asserted Patents. Symbology alleges, without a factual basis, that LSI places QR codes on unidentified products in a manner that is somehow alleged to infringe each Asserted Claim. The complaint, however, merely refers to "selected products (e.g. Lego Products)", without defining that term. Dkt. No. 1 at ¶ 32. And the additional statement that "[o]ne specific example of Defendant's activity involves the use of QR codes in printed packaging" does not shed any additional light because it is unclear what product's packaging is identified and, besides the existence of the QR code, how the unidentified product infringes the Asserted Patents.

Moreover, the Complaint does not differentiate between "Defendant's Lego Products" (Dkt. No. 1 at ¶ 35), "Defendant's products" (Dkt. No. 1 at ¶ 38), and "other products sold to customers" (*id.*). *See also* Dkt. No. 1 at ¶¶ 56, 74, 92. Rather, the complaint is a "cut and paste" journey, vaguely referencing "one specific example" (Dkt. No. 1 at ¶¶ 35, 53, 71 89) and then stating "the claim charts show this is plausible" (Dkt. No. 1 at ¶¶39, 57, 75 93). Recitation without adding any facts fails to advance the complaint beyond the mere formulaic elements of the causes of action and is impermissible under *Twombly*.

Symbology's Asserted Patents require "an image of symbology (e.g. barcodes)"– but this is merely one necessary element to be an accused product; it is not sufficient alone to meet any Asserted Claim. '773 Patent at 2:48-54. Barcodes are commonplace on consumer products, and have been for years and years before these patents' applications were filed in 2010. Accordingly,

such a claim is manifestly unfair– LSI cannot be on fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

Courts in this District have dismissed similar complaints for similar failures. *See, e.g., Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) ("[T]he claims for literal infringement do not allege how the offending products allege the claims recited in the [complaint]. That allegation is required to put [the defendant] on notice of what it has to defend and to make a plausible showing of infringement."); *Adiscov, LLC v. Autonomy Corp.*, 762 F. Supp. 2d 826, 832 (E.D. Va. 2011) (finding that a complaint for infringement levelled at vague products and services "does not describe either a category or specific products and services with the specificity required by Rule 8"). The *Adiscov* court ultimately dismissed the complaint because the plaintiff failed to plead sufficient factual content regarding the accused products, the complaint was akin to "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678); *compare with Orbcomm Inc. v. Calamp Corp.*, 2016 U.S. Dist. LEXIS 96264 (E.D. Va. July 22, 2016) (noting that the plaintiff's complaint identified the claims directly, indirectly, and contributorily infringed, specified in detail the accused devices produced by the defendant, and comparatively particularized the similarities of functions and features of the relevant patents and related systems.) Plaintiff has failed to the plead the required sufficient detail here; it categorically identifies "selected products" and fails to specify what is an accused "Lego Product."

### B. Symbology's Cursory Claim Chart Fails to Identify With Sufficient Particularity How Each Allegedly Infringing Feature of the Accused Product Infringes the Asserted Claims And Does Not Save Its Complaint

Courts in this District and beyond require patentees to plead sufficient facts to plausibly allege that each accused product meets each limitation of each asserted claim. *See Macronix Int'l*

*Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (complaint was insufficient when it did "not allege how the offending products [infringe] the claims recited"); *Asghari-Kamrani v. United Servs. Auto. Ass'n*, 2016 U.S. Dist. LEXIS 48012, at *10 (E.D. Va. Mar. 22, 2016) (plaintiff must "identify with sufficient particularity how each allegedly infringing feature … infringes the patent," must "detail how each claim is infringed," and must describe with particularity how the accused product meets each limitation). Symbology does not come close to pleading how each accused product meets each limitation of each claim asserted against it.

      **1) The Asserted Claims require that the portable electronic device detect symbology associated with an object by an individual in the United States**

The Asserted Claims require, *inter alia*, the use of a portable electronic device [16] to detect symbology (*e.g.* barcodes) associated with an object with the digital image in the United States. '773 Patent at 4:33-41. To do so, the user captures an image of the symbology in digital form using the capture module [72], which is associated with the image capture device [58]. '773 Patent at 7:60-63. The capture module includes an image sensor, an analog-to-digital (A/D) converter and a digital signal processor (DSP). The module is aimed at the image and displayed on the display module [62]. '773 Patent at 7:63-65. The portable electronic device could also use a scanning module [74] or alternative visual detection modules [76] to capture the symbology. '773 Patent at 8:15-45. These features are also demonstrated in Figures 2B and 3 below.



FIG. 2B

FIG. 3

In its claim charts, Symbology alleges, without factual detail, that "[o]n information and belief, Defendant has, at least through internal testing, used or incorporated QR codes in advertisements and packaging." Dkt. No. 1 at ¶ 34. However, Symbology has not pled, and cannot plead, that LSI used or tested the QR code at issue in the United States. Accordingly, Symbology is unable to provide any facts that would plausibly suggest that LSI practices these elements of the Asserted Claims in the United States. Because all elements of the Asserted Claims must be performed in the United States to directly infringe the Asserted Patents, Symbology's complaint should be dismissed. A "complaint must contain **sufficient factual matter**, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (emphasis added); *Rotec Indus. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) (use of a patented invention must occur within the United States to constitute infringement under 35 U.S.C. § 271(a) "because the right conferred by a patent under our law is confined to the

United States and its territories, and infringement of this right cannot be predicated of acts wholly done in a foreign country").

> **2) The Asserted Claims require the portable electronic device to: (1) decode the symbology to obtain a decode string; (2) send the decode string to one or more visual detection applications; (3) receive a first amount of information about the object from the visual detection application**

The Asserted Claims require the portable electronic device to decode the symbology to obtain a decode string. As demonstrated in Figure 7B below, Block 144 shows that the detected symbology is sent to a visual detection application on the portable electronic device for "decoding and information retrieval." '773 Patent at 12:31-33. As shown in Block 146 of Figure 7B, the application "and/or related decoding software" decodes the detected symbology and is configured to receive and store information about the object associated with the symbology based on the decode string. '773 Patent at 12:36-41.



FIG. 7B



**QReative Image 1**



**QReative Image 2**

As its sole effort to allege that LSI somehow performs these claim elements, Symbology incorporates an image (QReative Image 1, shown above), taken from nonparty QReative Mobile Media's ("QReative") webpage. Dkt. No. 1-15 at p.2, Claim 1 preamble evidence; *compare with* QReative Image 2 (Alquist Decl., Exhibit 2 (providing the original image and webpage contents)). Upon information and belief, QReative is a German company located at Wilhelmshöher Allee 278, Kassel, Germany 34131. *Id.* The image is excerpted from a webpage written entirely in German (shown in QReative Image 2 (*id.*), which presumably describes how QReative's QR code-reading technology functions, and provides links to QReative's QR code reader application provided for download by i-nigma and 3GVision. (Alquist Decl., Exhibit 3.) There is no allegation, nor could there be, that LSI has anything to do with QReactive or its products.

In other words, Symbology alleges that because QReative's QR code reader provided by i-nigma and 3GVision allegedly "Scans" a "QR-Code," "Decodes" and performs an "Action," (all undefined terms), LSI somehow infringes these elements of the Asserted Claims. This is

folly. Plaintiff has not alleged, nor could it, that LSI is familiar with QReative or i-nigma's QR code reader or has ever used its products.[3] In short, Symbology has not alleged facts sufficient to LSI performs these claim elements. This type of speculative, inaccurate pleading is insufficient. *See Boy Blue, Inc. v. Zomba Recording*, *LLC*, 2009 U.S. Dist. LEXIS 84988 (E.D. Va. Sept. 16, 2009) ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged– but it has not 'show[n]'– 'that the pleader is entitled to relief.'") (quoting *Iqbal*, 556 U.S. at 679).

> 3) **The Asserted Claims require the portable electronic device to: (1) send the decode string to a remote server for processing; (2) receive a second amount of information about the object from a server; (3) display the combined information.**

The Asserted Claims require the portable electronic device [16] to send the decode string to a remote server [12], as shown in Figure 1 and Block 148 from Figure 7B, each provided below. '773 Patent at 12:44-45. The server performs a method using the decode string and sends information back to the portable electronic device. '773 Patent at 11:9-54. As indicated in Block 150 and 152 in Figure 7B, the information received from the server is related to the object identifiable by the decode string and combined with information from the visual detection application. This information is displayed on a screen, as shown in Block 154 in Figure 7B, provided below.

---

[3] Attaching a QR code to product packaging is not enough. *See, e.g., Intel Corp. v. Future Link Sys., LLC,* 2015 U.S. Dist. LEXIS 17176, at *25, n.11 (D. Del. Feb. 12, 2015) ("Unlike with a product claim, making or selling a product that is capable of infringing does not infringe a method claim." (citing *Joy Techs., Inc. v. Flakt, Inc.,* 6 F.3d 770, 773 (Fed. Cir. 1993)).

-11-



In its futile attempt to demonstrate that LSI performs these elements, Symbology again cobbles together various nonparty images in an attempt to meet the required elements of the claim, which Symbology seems to suggest can be performed by any application capable of reading QR codes. For example, rather than alleging how LSI "combines the first amount of information with the second amount of information to obtain cumulative information" or "displays the cumulative information on a display device," Symbology uses a nonparty image, this time from www.searchenginewatch.com. Dkt. No. 1-5 at p. 15. This image is provided, more clearly, below.



-12-

Upon information and belief, searchenginewatch.com is a British website managed by Blenheim Chalot that provides news about search engines and search engine marketing, fields unrelated to QR code technology. (Alquist Decl., Exhibit 4.) The same image can be found in a Tribal Cafe article describing QR codes, generally, and i-nigma's code generator as a method to generate a QR code (Alquist Decl., Exhibit 5 at p. 2.) In fact, this image is a stock QR code image, the very first result of a Google image search using the terms "2d-barcode-scanning-process." (Alquist Decl., Exhibit 6.).

Put simply, Symbology alleges that because, according to a Google image, an unidentified QR code reader application allegedly has the ability to scan, decode and reveal content, LSI somehow infringes these elements of the Asserted Claims. This too is folly and Symbology has not alleged facts sufficient to demonstrate LSI performs these claim elements.

## II. Symbology's Indirect Infringement Allegations Lack Any Factual Basis and Should Be Dismissed

Symbology has failed to plead any facts that plausibly show that LSI knew of the Asserted Patents, aided any customer's infringement, or knew that any customer's use of a QR code constituted infringement. As such, the Court should dismiss the claim for induced infringement.

In order to prevail on claims of indirect infringement, Symbology must: (1) demonstrate direct infringement by a third party (2) establish that LSI possessed the requisite intent to be held vicariously liable. *See e.g., Nielsen Co. (US), LLC v. comScore, Inc.*, 819 F. Supp. 2d 589, 592 (E.D. Va. 2011); *PB & J Software, LLC v. Acronis, Inc.*, 897 F. Supp. 2d 815, 820-21 (E.D. Mo. 2012) (a complaint must "'contain facts plausibly showing that [defendants] specifically intended their customers to infringe the [patent-in-suit] and knew that the customer's acts constituted infringement.'" (alterations in original) (quoting *R+L Carriers, Inc. v. DriverTech*

LLC (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1339 (Fed. Cir. 2012)). First, Symbology fails to allege that a third party directly infringes the Asserted Patents. That, alone, is enough to grant the Motion to Dismiss.

For the second requirement, establishing the requisite knowledge or intent for induced infringement "requires a showing that the alleged inducer knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). Specific intent requires "'knowledge of the existence of the patent that is infringed.'" *Cronos Techs., LLC v. Camping World Inc.,* 2013 U.S. Dist. LEXIS 106336, at *10 (W.D. Ky. July 29, 2013) (quoting *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011)). In addition, the defendant must have knowledge that the induced acts constituted patent infringement. *See Global-Tech Appliances*, 563 U.S. at 766 ("[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."). The plaintiff "must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (alterations in original). Symbology does not allege, nor could it, that LSI either had knowledge of the Asserted Patents or has the requisite specific intent to actively aid and abet another's infringement. Symbology alleges indirect infringement of the Asserted Claims "on information and belief" that LSI "allows consumers to scan QR codes imprinted on the packaging of Defendant's products such as Defendant's Lego Products." Dkt. No. 1 at ¶ 38. The Complaint not only fails to allege direct infringement by a third party, but also that LSI was even aware of these patents at any point prior to the filing of the complaint. Dkt. No. 1 at ¶ 40. Instead, Symbology at best infers that merely because LSI offers a product for sale with a QR

code, there must be some customer, somewhere on the planet, using the QR codes in such a way as to infringe the Asserted Patents. This type of speculative, inaccurate pleading is insufficient, especially for indirect infringement claims. *See e.g.*, *Boy Blue, Inc. v. Zomba Recording*, LLC, 2009 U.S. Dist. LEXIS 84988 (E.D. Va. Sept. 16, 2009).

## CONCLUSION

Symbology has not alleged sufficient facts to meet the minimum pleading requirements of Rule 8, Rule 12, and Supreme Court precedent construing those rules. Accordingly, LSI respectfully requests that Symbology's complaint be dismissed in its entirety.

LEGO SYSTEMS, INC.

By _____/s/_____
Of Counsel

Dabney J. Carr, IV, VSB #28679
**TROUTMAN SANDERS LLP**
P. O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
dabney.carr@troutmansanders.com

Elizabeth A. Alquist (*admitted pro hac vice*)
Eric J. TeVelde (*admitted pro hac vice*)
Woo Sin Sean Park (*admitted pro hac vice*)
Day Pitney LLP
242 Trumbull Street
Hartford CT 06103-1212
Telephone: (860) 275 0100
Facsimile: (860) 748 4437
ealquist@daypitney.com
etevelde@daypitney.com
wpark@daypitney.com

*Counsel for Lego Systems, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April , 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Steven War, VSB No. 45048
>**McNEELY, HARE & WAR LLP**
>5335 Wisconsin Ave., NW, Suite 440
>Washington, D.C. 20015
>Telephone: (202) 536-5877
>Facsimile: (202) 478-1813
>steve@miplaw.com
>
>*Counsel for Symbology Innovations, LLC*

>/s/  Dabney J. Carr, IV
>Dabney J. Carr, IV (VSB No. 28679)
>**TROUTMAN SANDERS** LLP
>1001 Haxall Point
>Richmond, VA 23219
>Telephone:  (804) 697-1200
>Facsimile:  (804) 697-1339
>dabney.carr@troutmansanders.com
>*Counsel for Defendants*