**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| **SYMBOLOGY INNOVATIONS, LLC,** | |
| **Plaintiff,** | |
| **v.** | |
| **LEGO SYSTEMS, INC.** | **CIVIL ACTION NO. 2:17-cv-00086** |
| **and** | |
| **JOHN DOE** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(1)(1)(B), Plaintiff Symbology Innovations, LLC ("Plaintiff or "Symbology Innovations") files this first amended complaint as a matter of course against Defendants Lego Systems, Inc. ("LSI") and John Doe ("Doe") for infringement of U.S. Patent Nos. 7,992,773 (the "`773 Patent", attached as Exhibit A), 8,424,752 (the "`752 Patent", attached as Exhibit B), 8,651,369 (the "`369 Patent", attached as Exhibit C) and 8,936,190 (the "`190 Patent", attached as Exhibit D) (collectively, the "Asserted Patents") and alleges as follows:

1.  This is an action for damages, attorney's fees, costs, and for further relief based on patent infringement under 35 U.S.C. § 271.

## PARTIES

2.  Plaintiff Symbology Innovations is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

3.  On information and belief, Defendant LSI is a Delaware Corporation with its principal office in the United States located at 555 Taylor Road, Enfield, CT 06082-2372.  Upon information and belief, LSI  may be served with process at the same address.

4.  At this time, the name and address of Defendant John Doe could not be discovered through reasonable effort.  If, and when, the true name and address are discovered they will be inserted into the complaint by amendment.

## JURISDICTION AND VENUE

5.  This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq.  Plaintiff is seeking damages, as well as attorney fees and costs.

6.  Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

7.  The exercise of personal jurisdiction in the Commonwealth of Virginia is proper because acts giving rise to Plaintiff's cause of action have occurred in Virginia.  More specifically, Defendant LSI has conducted business in the Commonwealth of Virginia, and/or has engaged in continuous and systematic activities in the Commonwealth of Virginia and is inducing infringement within the Commonwealth of Virginia.  Defendant John Doe resides in this District.

8.  Upon information and belief, Defendant LSI's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Commonwealth of Virginia.

9.  Venue is proper in this District under 28 U.S.C. §§ 1391(a), 1391(b), 1391(c) and 1400(b) because a substantial part of the events or omission giving rise to the claims occurred in this District in that on information and belief, Defendant LSI has committed acts of infringement

in this District and/or has caused acts of infringement to occur in this District.  In addition, Defendant John Doe resides in this District.

## ASSERTED PATENTS

### `773 Patent

10. On August 9, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `773 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

11. Symbology Innovations is currently the owner of the `773 Patent, having received all right, title and interest in, and to, the `773 Patent from the previous assignee of record.

12. Symbology Innovations possesses all rights of recovery under the `773 Patent, including the exclusive right to recover for past, present and future infringement.

13. The `773 Patent contains eighteen claims including three independent claims (claims 1, 12, and 15) and fifteen dependent claims. Claims 1 – 11 are method claims, claims 12 – 14 are directed to a "computer application stored on a computer-readable medium", and claims 15 – 18 are directed to a "symbology management application".

14. The method claim of claim 1 of the `773 Patent comprises detecting symbology associated with an object, decoding the symbology to obtain a decode string, sending the decode string to at least one visual detection application residing on a portable electronic device, receiving a first amount of information about the object, sending the decode string to a remote server, receiving a second amount of information about the object, combining the first and second amounts of information to obtain cumulative information, and displaying the cumulative information on a display device that is associated with the portable electronic device.

### `752 Patent

15. On April 23, 2013, the USPTO duly and legally issued the `752 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

16. Symbology Innovations is currently the owner of the `752 Patent, having received all right, title and interest in, and to, the `752 Patent from the previous assignee of record.

17. Symbology Innovations possesses all rights of recovery under the `752 Patent, including the exclusive right to recover for past, present and future infringement.

18. The `752 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims. Claims 1 – 16 are method claims, claims 17 – 23 are directed to a "computer application stored on a computer-readable medium", and claims 24 – 28 are directed to a "symbology management application".

19. The method claim of claim 1 of the `752 Patent comprises capturing a digital image, detecting symbology associated with an object within the digital image, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the object based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

*`369 Patent*

20. On February 18, 2014, the USPTO duly and legally issued the `369 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Device" after the USPTO completed a full and fair examination.

21. Symbology Innovations is currently the owner of the `369 Patent, having received all right, title and interest in, and to, the `369 Patent from the previous assignee of record.

22. Symbology Innovations possesses all rights of recovery under the `369 Patent, including the exclusive right to recover for past, present and future infringement.

23. The `369 Patent contains twenty-eight claims including three independent claims (claims 1, 17, and 24) and twenty-five dependent claims. Claims 1 – 16 are method claims, claims 17 –

23 are directed to a "computer application stored on a computer-readable medium", and claims 24 – 28 are directed to a "symbology management application".

24. The method claim of claim 1 of the `369 Patent comprises capturing a digital image, detecting symbology associated with the digital image using a portable electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the portable electronic device.

### `190 Patent

25. On January 20, 2015, the USPTO duly and legally issued the `190 Patent, entitled "System and Method for Presenting Information About an Object on a Portable Electronic Device" after the USPTO completed a full and fair examination.

26. Symbology Innovations is currently the owner of the `190 Patent, having received all right, title and interest in, and to, the `190 Patent from the previous assignee of record.

27. Symbology Innovations possesses all rights of recovery under the `190 Patent, including the exclusive right to recover for past, present and future infringement.

28. The `190 Patent contains twenty claims including three independent claims (claims 1, 17, and 20) and seventeen dependent claims. Claims 1 – 16 are method claims, claims 17 – 19 are directed to a "computer application stored on a computer-readable medium", and claim 20 is directed to a "symbology management application".

29. The method of claim 1 of the `190 Patent comprises capturing a digital image, detecting symbology associated with the digital image using an electronic device, decoding the symbology to obtain a decode string, sending the decode string to a remote server, receiving information about the digital image based on the decode string, and displaying the information on a display device that is associated with the electronic device.

## BACKGROUND

30. Defendant LSI advertises, displays, offers for sale, and sells products which include a Quick Response Code ("QR Code") on its packaging and/or on its associated printed media. Defendant LSI's Products, which display a QR Code on the packaging and/or its associated printed media, are referred to herein as "Selected Products", "selected products", or "accused products".  Examples of Defendant LSI's Selected Products include, but are not limited to, LEGO City model number 60130 Prison Island, and LEGO City model 60110 Fire Station.

31. On information and believe, Defendant LSI has actively taken steps to obtain one or more QR Codes to display on Selected Products.

32. On information and belief, Defendant LSI expends resources to display QR Codes on the Selected Products and to maintain the infrastructure to ensure information is displayed when a QR Code is detected and processed.

33. On information and belief, Defendant LSI's sole purpose of displaying QR Codes on Selected Products is to permit potential customers, customers, and/or other individuals to detect the symbology included in the QR Codes displayed on Selected Products with a portable electronic device, to process the symbology contained within the QR Code, and for the potential customers, customers, and/or other individuals to obtain additional information related to the Selected Products.

34. On information and belief, potential customers, customers, and/or other individuals actually use portable electronic devices such as smart phones to detect symbology included in the QR Codes displayed on Selected Products, to process the symbology contained in the QR Codes, and to receive additional information related to the Selected Products.

35. Defendant John Doe has used a portable electronic device to detect symbology included in the QR Code displayed on Selected Products, process the symbology contained in the QR Code, and has received additional information related to the Selected Products.

36. On information and belief, potential customers, customers, and/or other individuals who use devices such as smart phones to detect the QR Codes, process the symbology contained in the QR Code, and receive additional information related to the Selected Products are direct infringers of the asserted claims of the patents-in-suit.

37. Defendant LSI designs advertisements and packaging for products sold in the United States at its headquarters in Billund, Denmark and in Enfield, Connecticut.

38. Defendant LSI employees in Enfield, Connecticut have knowledge regarding LSI's packaging and advertisements including anything related to QR Codes.

39. On information and belief, LSI employees in Connecticut or Virginia have (or have arranged for others to) test, detect, and process QR Codes imprinted on LSI's advertisements and/or packaging for Selected Products.

40. On information and belief, employees at LSI's three retail stores in Virginia have tested, detected, and processed QR Codes imprinted on LSI's advertisements and/or packaging for Selected Products.

## <u>COUNT ONE</u>
### <u>(Infringement of United States Patent No. 7,992,773)</u>

41. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 40, the same as if set forth herein.

42. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

43. Defendant LSI had knowledge of the `773 Patent and its infringement of the `773 Patent, at least as of the service of the initial complaint on February 9, 2017.

44. On information and belief, Defendant LSI has directly infringed, continues to infringe, and induces infringement of one or more claims of the `773 Patent, including (at least) method Claims 1, 2, 3, 4, 6, 7, 8, 10, and 11, by using and/or inducing the use of others to detect and process QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products (i.e.,  Lego Products that include QR Codes on the packaging and/or related printed media) in a manner covered by one or more claims of the `773 Patent.

45. On information and belief, Defendant LSI has directly infringed, continues to infringe, and induces infringement of one or more claims of the `773 Patent, including (at least) Claim 14 by using or inducing the use of a computer application stored on a computer-readable media to detect and process QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `773 Patent.

46. On information and belief, Defendant LSI has directly infringed, continues to infringe, and induces infringement of one or more claims of the `773 Patent, including (at least) Claims 15, 17, and 18 by using, or inducing the use of, a symbology management application to detect and process QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `773 Patent.  Plaintiff reserves the right to amend the asserted claims for the `773 Patent during discovery.

47. Claims 1, 2, 3, 4, 6, 7, 8, 10, 11, 14, 15, 17, and 18 of the `773 Patent will be referred to herein as the "Asserted Claims of the `773 Patent".

48. Accordingly, Defendant LSI infringes, and continues to infringe the Asserted Claims of the `773 Patent in violation of 35 U.S.C. § 271.

49. On information and belief, Defendant LSI has, at least through internal testing, used and processed QR codes displayed on advertisements and packaging of Selected Products.

50. One specific example of Defendant LSI's activity involves the use of QR codes in printed packaging and advertisements of Selected Products.

51. For example, on information and belief, Defendant LSI has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Selected Products.

52. On information and belief, Defendant LSI has captured and processed a digital image of a QR code associated with such Selected Product, an example of which is shown below:



53. Defendant John Doe is a direct infringer of the Asserted Claims of the `773 Patent.

54. On information and belief, Defendant LSI induces consumers such as John Doe to detect and process QR codes displayed on the packaging of Defendant LSI's products such as Selected Products offered for sale and sold to consumers.

55. Defendant LSI knowingly induces its customers such as John Doe to directly infringe the `773 Patent by continuing to display QR Codes on Selected Products after being served with the complaint in this matter.

56. Defendant LSI's specific intent to encourage others such as John Doe to infringe the `773 Patent can be inferred from LSI continuing to display QR Codes on Selected Products after being served with the complaint in this matter and LSI's invitation displayed on its packaging of some Selected Products to its customers to "PLAY THE FREE LEGO CITY MY CITY GAME ONLINE" by detecting and processing the displayed QR Code.

57. Defendant LSI knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `773 Patent.

58. A comparison between Claim 1 of the `773 Patent and the detection and processing of a QR Code displayed on Defendant LSI's packaging of a Selected Product is provided in Exhibit E and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.  Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `773 Patent and Defendant LSI's packaging and/or printed media of Selected Products.

59. On information and belief, Defendant LSI has induced, and continues to induce infringement of the `773 Patent through its customers' actions, at least as of the service of the initial complaint on February 9, 2017.

60. The `773 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

61. By engaging in the conduct described herein, Defendants have injured Symbology Innovations and are thus liable for infringement of the `773 Patent, pursuant to 35 U.S.C. § 271.

62. Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `773 Patent, without license or authorization.

63. As a result of Defendants' infringement of the `773 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

64. Plaintiff is in compliance with 35 U.S.C. § 287.

65. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement of the `773 Patent up until the date that Defendants ceases their infringing activities.

## COUNT TWO
### (Infringement of United States Patent No. 8,424,752)

66. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 65, the same as if set forth herein.

67. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

68. Defendant LSI had knowledge of the `752 Patent and its infringement of the `752 Patent, at least as of the service of the initial complaint on February 9, 2017.

69. On information and belief, Defendant LSI has infringed, continues to infringe, and induces the infringement of one or more claims of the `752 Patent, including (at least) method Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, and 15, by using, and/or inducing others to use QR codes on printed media (*e.g.*, advertisements, packaging) associated with Selected Products in a manner covered

by one or more claims of the `752 Patent.  Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

70. On information and belief, Defendant LSI has infringed, continues to infringe, and induces the infringement of one or more claims of the `752 Patent, including (at least) Claims 17, 18 and 23 by using, and/or inducing others to use a computer application stored on a computer-readable medium which detects and processes QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `752 Patent.  Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

71. On information and belief, Defendant LSI has infringed, continues to infringe, and induces the infringement of one or more claims of the `752 Patent, including (at least) Claims 24. 25 by using, or inducing the use of, a symbology management application to detect and process QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `752 Patent.  Plaintiff reserves the right to amend the asserted claims for the `752 Patent during discovery.

72. Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 12, 15, 17, 18, 23, 24, and 25 of the `752 Patent will be referred to herein as the "Asserted Claims of the `752 Patent".

73. Accordingly, Defendant LSI has infringed, and continues to infringe, the `752 Patent in violation of 35 U.S.C. § 271.

74. On information and belief, Defendant LSI has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging.

75. One specific example of Defendant LSI's activity involves the detection and processing of QR codes in printed packaging and advertisements and sales of Selected Products.

76. For example, on information and belief, Defendant LSI has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Selected Products.

77. On information and belief, Defendant LSI has detected and processed a digital image of a QR code associated with such Lego Products, an example of which is shown below:



78. Defendant John Doe is a direct infringer of the Asserted Claims of the `752 Patent.

79. On information and belief, Defendant LSI induces consumers. Such as John Doe, to detect and process QR codes displayed on Defendant LSI's products such as Selected Products offered for sale and sold to consumers.

80. Defendant LSI knowingly induced its customers, such as John Doe, to directly infringe the `752 Patent by continuing to display QR Codes on Selected Products after being served with the complaint in this matter.

81. LSI's specific intent to encourage others to infringe the `752 Patent can be inferred from LSI continuing to display QR Codes on Selected Products after being served with the complaint in

this matter and by its invitation to its customers to "PLAY THE FREE LEGO CITY MY CITY GAME ONLINE" by detecting and processing the displayed QR Code.

82. Defendant LSI knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `752 Patent.

83. A comparison between Claim 1 of the `752 Patent and the detection and processing of the QR Code displayed on Defendant LSI's packaging of a selected product is provided in Exhibit F and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.  Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `752 Patent and Defendant LSI's packaging of Selected Products.

84. On information and belief, Defendant LSI has induced, and continues to induce infringement of the `752 Patent through its customers' actions, at least as of the service of the initial complaint on February 9, 2017.

85. The `752 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

86. By engaging in the conduct described herein, Defendants have injured Symbology Innovations and is thus liable for infringement of the `752 Patent, pursuant to 35 U.S.C. § 271.

87. Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `752 Patent, without license or authorization.

88. As a result of Defendants' infringement of the `752 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

89. Plaintiff is in compliance with 35 U.S.C. § 287.

90. As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendants ceases their infringing activities.

## COUNT THREE
### (Infringement of United States Patent No. 8,936,369)

91. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 90, the same as if set forth herein.

92. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

93. Defendant LSI had knowledge of the `369 Patent and its infringement of the `369 Patent, at least as of the service of the initial complaint on February 9, 2017.

94. On information and belief, Defendant LSI has infringed, continues to infringe, and induces infringement of one or more claims of the `369 Patent, including (at least) method Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, and 15 by detecting and processing QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `369 Patent.  Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

95. On information and belief, Defendant LSI has infringed, continues to infringe, and induces infringement of one or more claims of the `369 Patent, including (at least) Claims 17, 18, and 23 by using, and/or inducing others to use a computer application stored on a computer-readable medium which detects and processes QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `369 Patent.  Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

96. On information and belief, Defendant LSI has infringed, continues to infringe, and induces infringement of one or more claims of the `369 Patent, including (at least) Claims 24 and 25 by using, or inducing the use of, a symbology management application to detect and process QR codes on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `369 Patent.  Plaintiff reserves the right to amend the asserted claims for the `369 Patent during discovery.

97. Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 15, 17, 18, 23, 24, and 25 of the `369 Patent will be referred to herein as the "Asserted Claims of the `369 Patent".

98. Accordingly, Defendant LSI has infringed, and continues to infringe, the `369 Patent in violation of 35 U.S.C. § 271.

99. On information and belief, Defendant LSI has, at least through internal testing, detected and processed QR codes displayed on advertisements and packaging.

100.  One specific example of Defendant LSI's activity involves the detection and processing of QR codes displayed on printed packaging and advertisements and sales of Selected Products.

101.  For example, on information and belief, Defendant LSI has at least internally tested the functionality of its QR codes displayed on the printed packaging and advertisements of Selected Products.

102.  On information and belief, Defendant LSI has displayed a digital image of a QR code associated with such Lego Products, an example of which is shown below:



103.    Defendant John Doe is a direct infringer of the Asserted Claims of the `369 Patent.

104.    On information and belief, Defendant LSI induces consumers, such as John Doe, to scan QR codes displayed on Defendant LSI's products such as Selected Products offered for sale and sold to consumers.

105.    Defendant LSI knowingly induced its customers, such as John Doe, to directly infringe the `369 Patent by continuing to display QR Codes on Selected Products after being served with the complaint in this matter.

106.    Defendant LSI's specific intent to encourage others to infringe the `369 Patent can be inferred from LSI continuing to display QR Codes on Selected Products after being served with the complaint in this matter and it invitation to its customers to "PLAY THE FREE LEGO CITY MY CITY GAME ONLINE" by detecting and processing the displayed QR Code.

107.    Defendant LSI knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `369 Patent.

108.    A comparison between Claim 1 of the `369 Patent and the detection and processing of the QR Code displayed on Defendant LSI's packaging of selected product is provided in Exhibit

G and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.  Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `369 Patent and Defendant LSI's packaging of Selected Product.

109.    On information and belief, Defendant LSI has induced, and continues to induce infringement of the `369 Patent through its customers' actions, at least as of the service of the initial  complaint on February 9, 2017.

110.    The `369 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

111.    By engaging in the conduct described herein, Defendants have injured Symbology Innovations and is thus liable for infringement of the `369 Patent, pursuant to 35 U.S.C. § 271.

112.    Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `369 Patent, without license or authorization.

113.    As a result of Defendants' infringement of the `369 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

114.    Plaintiff is in compliance with 35 U.S.C. § 287.

115.    As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendants ceases their infringing activities.

## <u>COUNT FOUR</u>
### <u>(Infringement of United States Patent No. 8,936,190)</u>

116.    Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 115, the same as if set forth herein.

117.   This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

118.   Defendant LSI had knowledge of the `190 Patent and its infringement of the `190 Patent, at least as of the service of the initial complaint on February 9, 2017.

119.   On information and belief, Defendant LSI has infringed,  continues to infringe, and induces infringement of one or more claims of the `190 Patent, including (at least) method Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 15, and 17 by detecting and processing QR codes displayed on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `190 Patent.  Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

120.   On information and belief, Defendant LSI has infringed, continues to infringe, and induces infringement of one or more claims of the `190 Patent, including (at least) Claim 18 by using, and/or inducing others to use a computer application stored on a computer-readable medium which detects and processes QR codes displayed on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `190 Patent.  Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

121.   On information and belief, Defendant LSI has infringed, continues to infringe, and induces infringement of one or more claims of the `190 Patent, including (at least) Claim 18 by using, or inducing the use of, a symbology management application to detect and process QR codes displayed on printed media (*e.g.,* advertisements, packaging) associated with Selected Products in a manner covered by one or more claims of the `190 Patent.  Plaintiff reserves the right to amend the asserted claims for the `190 Patent during discovery.

122.   Claims 1, 2, 3, 4, 5, 7, 8, 9, 11, 15, 17, 18, and 20 of the `190 Patent will be referred to herein as the "Asserted Claims of the `190 Patent".

123.   Accordingly, Defendant LSI has infringed, and continues to infringe, the `190 Patent in violation of 35 U.S.C. § 271.

124.   On information and belief, Defendant LSI has, at least through internal testing, detected and processed QR codes displayed in advertisements and packaging.

125.   One specific example of Defendant LSI's activity involves the detection and processing of QR codes displayed in printed packaging and advertisements and sales of Selected Products.

126.   For example, on information and belief, Defendant has at least internally tested the functionality of its QR codes in connection with the printed packaging and advertisements of Selected Products.

127.   On information and belief, Defendant LSI has detected and processed  a digital image of a QR code associated with such Selected Products, an example of which is shown below:



128.   Defendant John Doe is a direct infringer of the Asserted Claims of the `190 Patent.

129.   On information and belief, Defendant LSI induces consumers, such as John Doe, to detect and process QR codes displayed  on Defendant LSI's products such as Selected PDroducts offered for sale and sold to consumers.

130.   Defendant LSI knowingly induced its customer, such as John Doe, to directly infringe the `190 Patent by continuing to display QR Codes on Selected Products after being served with the complaint in this matter.

131.   LSI's specific intent to encourage others to infringe the `190 Patent can be inferred from LSI continuing to display QR Codes on Selected Products after being served with the complaint in this matter and it invitation to its customers to "PLAY THE FREE LEGO CITY MY CITY GAME ONLINE" by detecting and processing the displayed QR Code.

132.   Defendant LSI knew, or was willfully blind to the fact that, detecting and processing the QR Code on the Selected Products constituted infringement of the `190 Patent.

133.   A comparison between Claim 1 of the `190 Patent and the detection and processing of a QR Code displayed on Defendant LSI's packaging of selected product is provided in Exhibit H and on information and belief explains Symbology Innovations' infringement theory in sufficient detail to demonstrate a plausible entitlement to relief.  Plaintiff reserves the right to amend this claim chart based on any additional information obtained.  Similar comparisons have been made between the other asserted claims of the `190 Patent and Defendant LSI's packaging of selected product.

134.   On information and belief, Defendant LSI has induced, and continues to induce infringement of the `190 Patent through its customers' actions, at least as of the service of the initial complaint on February 9, 2017.

135.    The `190 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

136.    By engaging in the conduct described herein, Defendants have injured Symbology Innovations and is thus liable for infringement of the `190 Patent, pursuant to 35 U.S.C. § 271.

137.    Defendants have committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `190 Patent, without license or authorization.

138.    As a result of Defendants' infringement of the `190 Patent, Symbology Innovations has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendants' past infringement, together with interests and costs.

139.    Plaintiff is in compliance with 35 U.S.C. § 287.

140.    As such, Symbology Innovations is entitled to compensation for any continuing and/or future infringement up until the date that Defendant ceases its infringing activities.

## DEMAND FOR JURY TRIAL

141.    Symbology Innovations, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Symbology Innovations respectfully requests that this Court provide it the following relief:

A.    ENTER judgment for Symbology Innovations on this Complaint on all causes of action asserted herein;

B.    AWARD Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

C.      AWARD Plaintiff its reasonable attorney fees incurred in this matter; and

D.      AWARD Plaintiff pre-judgement and post-judgment interests and costs; and

E.      AWARD Plaintiff such further relief to which the Court finds Plaintiff entitled

under law or equity.

DATED April 17, 2017.                          Respectfully submitted,

                                               By: ___*/s/ Steven War*_____
                                               Steven War (VSB # 45048)

                                               **McNeely, Hare & War LLP**
                                               5335 Wisconsin Ave, NW, Suite 440
                                               Washington, DC  20015
                                               Tel: (202) 536-5877
                                               Fax: (202) 478-1813
                                               e-mail: steve@miplaw.com

                                               *ATTORNEY FOR PLAINTIFF Symbology*
                                               *Innovations*